IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PMA INSURANCE GROUP,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. **3:23-CV-00610-L** | |
| § | | |
| **POLK MECHANICAL COMPANY LLC** § | | |
| **and UPONOR NORTH AMERICA,** § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge Renee Toliver ("Report") (Doc. 38) was entered on May 23, 2024, recommending that the court **grant in part and deny in part** Defendant Uponor, Inc.'s ("Uponor") Motion to Compel Arbitration or, Alternatively, to Dismiss Plaintiff's Second Amended Complaint ("Motion") (Doc. 23), filed September 14, 2023. Report 1. Specifically, the Report concludes that Uponor's request to compel arbitration should be denied, its request to dismiss should be granted, and Plaintiff PMA Insurance Group's ("Plaintiff") claims against it should be dismissed. *Id.* The court accepts the Report to the extent herein stated. Accordingly, the court **denies as moot** Defendant Uponor's Motion to Compel, **grants** Uponor's Motion to Dismiss Plaintiff's Second Amended Complaint, and **dismisses with prejudice** this action against Uponor.

On March 20, 2023, Plaintiff filed this subrogation action against Defendants Polk Mechanical Company LLC ("Polk") and Uponor. Plaintiff filed its First Amended Complaint (Doc. 13) on June 28, 2023, and its Second Amended Complaint[*] (Doc. 22) on August 31, 2023.

---

[*] Plaintiff did not seek leave to file its Second Amended Complaint, nor did it obtain written permission from Defendants to file it. Accordingly, the filing of the Second Amended Complaint violated Federal Rule of Civil Procedure 15(a). *See* Fed. R. Civ. Pro. 15(a)(1)-(2) ("A party may amend its pleading *once* as a matter of course ….

**Memorandum Opinion and Order – Page 1**

In the Second Amended Complaint, Plaintiff brings the following claims against Uponor: (1) Negligence; (2) Strict Liability; and (3) Breach of Warranty. In its Motion, Uponor seeks an order compelling Plaintiff to arbitrate Plaintiff's claims against it, or, alternatively, it moves the court "pursuant to Federal Rule of Civil Procedure 12(b)(6) and applicable case law" for an order dismissing all claims. Doc. 23 at 2.

First, the Report concludes that the motion to compel arbitration is moot because it is premised on claims that were alleged in previous pleadings but are no longer alleged in the live pleading. Report 4 (citing *New Orleans Ass'n of Cemetery Tour Guides & Cos. v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033 (5th Cir. 2023) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.")). Neither party objects to this conclusion, and any such objection is therefore waived.

Second, the Report concludes that Plaintiff's claim for breach of implied warranty should be dismissed without prejudice. Report 5. In its Motion, Uponor moves the court to dismiss Plaintiff's claim for breach of implied warranty as untimely pursuant to the four-year statute of limitations. *Id.* (citing Doc. 23 at 2). In response, Plaintiff "concedes that its claim for breach of implied warranty is untimely as pled." *Id.* (quoting Doc. 27 at 7). Plaintiff, however, argues that:

> [B]ased on information since gleaned from its subrogor, [it] has reason to believe that during maintenance and relatively minor repairs to the system before the 2022 loss at issue, the existing Uponor fittings were replaced with other Uponor fittings that later failed. Any such replacements occurring less than four years before Plaintiff filed suit would not violate the statute of limitations for a breach-of-

---

In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."). Defendants, however, did not object to Plaintiff filing the Second Amended Complaint, and they relied on it when arguing their dispositive motions. The Magistrate Judge sanctioned Plaintiff's filing of the Second Amended Complaint by dismissing Uponor's Motion to Dismiss the First Amended Complaint (Doc. 15) and analyzing the Second Amended Complaint in her Report. Defendants have waived their right to object to Plaintiffs' Second Amended Complaint and, therefore, they did not suffer any legal prejudice by the filing of the Second Amended Complaint, as evidenced by the filings of their dispositive motions. Accordingly, the court accepts and considers the Second Amended Complaint as the live pleadings.

**Memorandum Opinion and Order – Page 2**

> implied-warranty cause of action. Plaintiff therefore requests that this [c]ourt dismiss its breach of warranty cause of action without prejudice so that if facts supporting the viability of a breach-of-implied-warranty cause of action are revealed during discovery, [it] may seek leave to amend in order to revive this cause of action.

Doc. 27 at 7. Uponor did not file a Reply to Plaintiff's Response; accordingly, the Report recommends that this court dismiss Plaintiff's claim without prejudice.

The court agrees with the Report's findings but disagrees with its recommendation that the implied breach of warranty claim should be dismissed without prejudice. The basis of Plaintiff's breach of implied warranty allegation against Uponor pertains to events that occurred in 2018. Therefore, the Report correctly finds, and Plaintiff concedes, that the claim—as alleged in the Second Amended Complaint, the live pleading—is untimely pursuant to the four-year statute of limitations. *See Allgood v. R.J. Reynolds Tobacco Co.*, 80 F.3d 168, 171 (5th Cir. 1996) (holding that warranty claims have a four-year statute of limitations) (citing Tex. Bus. & Com. § 2.725). As explained in more detail below, contemporaneous with this Memorandum Opinion and Order the court has issued another Memorandum Opinion and Order, ruling against Plaintiff. Dismissing this claim without prejudice so Plaintiff can seek leave to revive it at a later and uncertain date is unwarranted because Plaintiff's argument is based on sheer speculation that some alleged future breach **might** fall within the four-year period. This argument is not plausible, as Plaintiff sets forth no facts for the court to reasonably infer more than the mere possibility of wrongdoing on Uponor's part. If there is a future breach, the remedy is for PMA to file an action within the time allowed by the statute of limitations. As of this moment, there is no viable breach of warranty claim. The court will not retain jurisdiction over this civil action based on the mere *possibility* that at *some* future date an act will occur that gives rise to such claim. Accordingly, Plaintiff's claim for breach of implied warranty, as alleged, is dismissed with prejudice.

**Memorandum Opinion and Order – Page 3**

As to Plaintiff's strict liability claim and allegation of a manufacturing and design defect, the Report concludes that they are conclusory and speculative. Report 7. Therefore, the court need not engage in a negligence analysis because Plaintiff failed to state a claim under strict liability. *Id.* at 11. Accordingly, Plaintiff's claims for strict liability and negligence should be dismissed with prejudice.

Finally, the Report concludes that Plaintiff should not be granted an opportunity to file a Third Amended Complaint because Plaintiff has already amended its pleadings twice, and once was "after Uponor filed its initial motion to compel arbitration and, in the alternative, motion to dismiss for failure to state a claim, making the same arguments as those currently before the [c]ourt." Report 12. Therefore, Plaintiff was put on notice of the deficiencies in its First Amended Complaint by Uponor's first motion. *See id.*

On June 7, 2024, Plaintiff filed Objections to the Report (Doc. 39), and on June 18, 2024, Uponor filed a Response to Plaintiff's Objections (Doc. 40). Plaintiff specifically objects to its strict liability and negligence claims being dismissed with prejudice and without it being granted leave to amend. Plaintiff requests that it be granted leave to file a Third Amended Complaint. Plaintiff argues that pursuant to *Foman v. Davis*, 371 U.S. 178, 182 (1962), "a more appropriate analysis by the [c]ourt would be whether "undue delay" is present as an "apparent or declared reason" for a party's requesting leave to amend. The [Report] instead appear[s] to consider whether undue delay would be prevented by denying further amendment." Doc. 39 at 3. Plaintiff, however, misapprehends the holding in *Foman*.

The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires," is not without limitation. Fed. R. Civ. P. 15(a)(2). The decision to allow amendment of a party's pleadings is within the sound discretion of

**Memorandum Opinion and Order – Page 4**

the district court. *Foman*, 371 U.S. at 182; *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers multiple factors and is not limited to an "undue delay" analysis as Plaintiff states in its Objection. These factors include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). As stated in the Report, the court believes that permitting another pleading is an inefficient use of the parties' and the court's resources, causes unnecessary and undue delay, and is futile. Therefore, Plaintiff's objection is **overruled**.

Furthermore, Plaintiff argues that allowing it to file another amended pleading would not cause undue delay because the parties are awaiting the court's ruling on Polk's Motion for Summary Judgment (Doc. 29). This, however, is not reason enough to grant Plaintiff a third opportunity to amend, and, *even if it were*, contemporaneous with this Order the court has entered a Memorandum Opinion and Order granting the Motion for Summary Judgment. Therefore, that Memorandum Opinion and Order and this Memorandum Opinion and Order dispose of this civil action in its entirety.

Having considered the pleadings, Motion, Report, file, and record, and having conducted a *de novo* review of the portions of the Report to which objections were made, the court determines that the Magistrate Judge's finding and conclusions in the Report are correct and **accepts them to the extent herein stated** as those of the court. Therefore, the court **grants** Uponor's Motion, **denies as moot** Uponor's Motion to Compel Arbitration, and **dismisses with prejudice** Plaintiff's claims against it. The court will issue a judgment by a separate document as required by Federal

Rule of Civil Procedure 58. Any request for attorney's fees must be filed in accordance with Federal Rule of Civil Procedure 54(d).

    **It is so ordered** this 27th day of August, 2024.

                                                  Sam A. Lindsay
                                                  United States District Judge